IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| DARIUS DURON ELAM, § | |
| TDCJ #00380190, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 3:18-CV-27 |
| § | |
| FOLASHADE ITUAH, et al., § | |
| § | |
| Defendants. § | |

**ORDER GRANTING LEAVE
TO PROCEED *IN FORMA PAUPERIS***

The plaintiff, Darius Duron Elam (TDCJ #00380190), has filed a civil rights complaint under 42 U.S.C. § 1983, concerning an incident that occurred while he was incarcerated by the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ") at the Darrington Unit. He has also filed more than one motion for leave to proceed *in forma pauperis* (Dkts. 2, 6). This case is governed by the Prison Litigation Reform Act (the "PLRA"), 28 U.S.C. § 1915(b), which requires prisoners to pay an initial partial filing fee. The PLRA also requires prisoners to pay thereafter the balance of the $350.00 filing fee for indigent litigants. Based on the certified inmate trust account statement provided by the plaintiff, the Court **ORDERS** as follows:

1. The plaintiff's initial motion for leave to proceed *in forma pauperis* (Dkt. 2) is **GRANTED**. The plaintiff's second motion for leave to proceed (Dkt. 6) is **MOOT**.

2. The plaintiff is assessed an initial partial filing fee of $18.00. The agency shall collect this amount from the inmate trust fund account belonging to the plaintiff and forward it to the Clerk within thirty days of the date of this Order.

3. Thereafter, the plaintiff shall pay the balance of the filing fee ($332.00) in periodic installments as required by 28 U.S.C. § 1915(b). When funds are available, the agency shall collect this amount from inmate trust fund account belonging to the plaintiff and forward it to the Clerk.

4. The plaintiff is responsible for signing all consents and other documents required by the agency having custody of him to authorize the necessary withdrawal from his inmate trust account.

5. No requests for counsel will be considered and all discovery is stayed until after the Court screens the complaint under 28 U.S.C. § 1915A, which requires the Court to scrutinize the pleadings and dismiss the case if it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary damages from a defendant who is immune from such relief. *See also* 28 U.S.C. § 1915(e)(2)(B).

6. No amendments or supplements to the complaint will be filed without prior Court approval. A complete amended complaint will be attached to any motion to amend. Any pleadings or other papers filed in violation of these directives, including any pleadings or other papers which contain any new claims or any new factual allegations not already explicitly raised in: (1) the original complaint, (2) any court approved amendments or supplements to the original complaint, or (3) in response to an Order for

More Definite Statement, shall automatically be **STRICKEN** from the record without further notice and will be of no force or effect in this lawsuit. Any pleadings or other papers filed in violation of these directives in this paragraph may also subject the plaintiff to other sanctions, including the dismissal of this suit for failure to comply with court orders, if appropriate.

7.  The plaintiff must notify the court of any change of address by filing a written notice of change of address with the Clerk. Failure to file such notice may result in this case being dismissed for want of prosecution.

### **NOTICE TO THE PLAINTIFF**:

A.  Payment of all or any part of the full filing fee will not prevent dismissal of the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. If the case is dismissed on any of those grounds before payment of the entire filing fee, the plaintiff must still pay the entire filing fee. When a prisoner has had three or more prior actions or appeals dismissed for being frivolous or malicious or failing to state a claim upon which relief may be granted, federal law prohibits the prisoner from bringing any more actions or appeals *in forma pauperis* unless the plaintiff is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

B.  State law requires the forfeiture of good conduct time credits as a sanction for any state or federal lawsuit brought by an inmate while in the custody of the Texas Department of Criminal Justice, or confined in county jail awaiting transfer to TDCJ, that

is dismissed as frivolous or malicious. *See* TEX. GOV'T CODE ANN. § 498.0045. This sanction extends to frivolous proceedings arising from an application for writ of habeas corpus if brought for the purpose of abusing judicial resources. *See id.* § 498.0045(a).

The Clerk of Court will send a copy of this order to the plaintiff and will also provide a copy of this order to (1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159; and (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793.

SIGNED at Galveston, Texas, this 3rd day of April, 2018.

*George C. Hanks Jr.*
George C. Hanks Jr.
United States District Judge